IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION AT JACKSON

---

MICHAEL BATCHELOR,

    Plaintiff,

v.                                                                         Docket No. 15-1099

DALLAS BYRD, Individually and in
His Official Capacity, THE BROWNSVILLE
POLICE DEPARTMENT, and THE CITY
OF BROWNSVILLE, TENNESSEE,

    Defendants.

---

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS**

---

On April 14, 2015, Plaintiff, Michael Batchelor, brought this civil action under 42 U.S.C. §§ 1983 and 1988 as well as state law against Defendants, Dallas Byrd, in his individual and official capacities; the Brownsville (Tennessee) Police Department; and the City of Brownsville, Tennessee, arising from injuries occurred during his arrest on April 24, 2014. (Docket Entry ("D.E.") 1-1.) Plaintiff originally filed suit in the Circuit Court of Fayette County, Tennessee, and Defendants timely removed the case to this Court on April 29, 2015. (D.E. 1.) Before the Court is a motion to dismiss by Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 18.) For the reasons set forth below, Defendants' motion is GRANTED.

I.     Factual Background

Plaintiff alleges the following facts. During the relevant time, Byrd was a Brownsville, Tennessee police officer. (D.E. 1-1 at ¶ 1.) Defendant is a Caucasian male, and Plaintiff is an

1

African American male.  (*Id.* at ¶ 9.)  On April 24, 2014, Byrd activated his patrol car lights while traveling behind Batchelor in Brownsville.  (*Id.* at ¶ 1.)  In response, Plaintiff pulled off the road into a tobacco store.  (*Id.* at ¶ 2.)  Defendant approached Batchelor's car with his gun pulled, "barking out confusing and irrational commands."  (*Id.* at ¶ 3.)  After exiting the car, Plaintiff was body slammed by Byrd, causing a brain injury and/or exacerbating a pre-existing condition.  (*Id.* at ¶ 4.)  Plaintiff was charged with resisting arrest.  (*Id.* at ¶ 7.)

## II.     Standard of Review

Rule 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Rule 8(a)(2) instructs that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(b)(6) requires that the Court "accept all material allegations as true and construe them in the light most favorable to the non-moving party."  *Top Flight Entm't, Ltd. V. Schuette*, 729 F.3d 623, 630 (6th Cir. 2013).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory."  *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court delineated a two-prong test for analyzing 12(b)(6) motions.  First, the reviewing court should consider what allegations are merely "legal conclusions" and disregard them when ruling on the motion.  *Id.* at 678.  Second, the court should evaluate the remaining well-pleaded facts and determine whether

they give rise to a "plausible claim for relief." *Id.* at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

III. Legal Analysis

A. Official Capacity Claims

This action by Plaintiff was brought against Byrd in both his individual and official capacities. Batchelor also brought suit against the City of Brownsville. "In an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent. An official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009); *see Tillman v. Decatur County*, No. 15-01068, 2015 WL 5675843, at *2 (W.D. Tenn. Sept. 25, 2015). As the allegations against Byrd in his official capacity are in effect a suit against Brownsville City, these claims are DISMISSED. *See Cox v. Reagan*, No. 3:06-CV-250, 2009 WL 2579655, at *4 (E.D. Tenn. Aug. 17, 2009) (holding that an official capacity claim against an officer was essentially a suit against the defendant municipality and thus, dismissal of the officer was appropriate).

B. Claims Against Brownsville Police Department

The Defendants seek dismissal of the claims against the Brownsville Police Department on the grounds that it is not a suable entity. As it is an established rule of law that police

they give rise to a "plausible claim for relief." *Id.* at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

III. Legal Analysis

A. Official Capacity Claims

This action by Plaintiff was brought against Byrd in both his individual and official capacities. Batchelor also brought suit against the City of Brownsville. "In an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent. An official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009); *see Tillman v. Decatur County*, No. 15-01068, 2015 WL 5675843, at *2 (W.D. Tenn. Sept. 25, 2015). As the allegations against Byrd in his official capacity are in effect a suit against Brownsville City, these claims are DISMISSED. *See Cox v. Reagan*, No. 3:06-CV-250, 2009 WL 2579655, at *4 (E.D. Tenn. Aug. 17, 2009) (holding that an official capacity claim against an officer was essentially a suit against the defendant municipality and thus, dismissal of the officer was appropriate).

B. Claims Against Brownsville Police Department

The Defendants seek dismissal of the claims against the Brownsville Police Department on the grounds that it is not a suable entity. As it is an established rule of law that police

they give rise to a "plausible claim for relief." *Id.* at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

III. Legal Analysis

A. Official Capacity Claims

This action by Plaintiff was brought against Byrd in both his individual and official capacities. Batchelor also brought suit against the City of Brownsville. "In an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent. An official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009); *see Tillman v. Decatur County*, No. 15-01068, 2015 WL 5675843, at *2 (W.D. Tenn. Sept. 25, 2015). As the allegations against Byrd in his official capacity are in effect a suit against Brownsville City, these claims are DISMISSED. *See Cox v. Reagan*, No. 3:06-CV-250, 2009 WL 2579655, at *4 (E.D. Tenn. Aug. 17, 2009) (holding that an official capacity claim against an officer was essentially a suit against the defendant municipality and thus, dismissal of the officer was appropriate).

B. Claims Against Brownsville Police Department

The Defendants seek dismissal of the claims against the Brownsville Police Department on the grounds that it is not a suable entity. As it is an established rule of law that police

departments are not suable entities, the claims are DISMISSED. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (because police department was not an entity which could be sued, the county was the proper party to address allegations of plaintiff's § 1983 complaint); *Moore v. Henderson Cnty. Sheriff's Dep't*, No. 13-1243, 2014 WL 1745017, at *13 (W.D. Tenn. April 30, 2014); *Johnson v. Wichita Cnty., Tex. Sheriff's Office*, No. 1:12–CV–394, 2013 WL 3833667, at *10 (E.D. Tenn. July 23, 2013) (noting that district courts in Tennessee "hold law enforcement agencies are inappropriate defendants; plaintiffs must sue the municipalities the agencies represent").

## C. Cruel and Unusual Punishment Claims

A § 1983 plaintiff must establish the deprivation of a constitutional right in order to have a valid claim. *See Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003); *Phebus v. City of Memphis*, 340 F. Supp. 2d 874, 879 (W.D. Tenn. 2004). In the instant motion, Defendants seek dismissal of Plaintiff's claims for "cruel and unusual punishment." The Eighth Amendment prohibits cruel and unusual punishment in connection with the use of excessive force during an arrest. *See Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). It is not implicated, however, if the alleged misconduct occurs *prior* to the plaintiff's conviction. *Id.* at 1048-49. As the United States Supreme Court articulated in *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977), "the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *See also Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 382 n.3 (6th Cir. 2004) (Eighth Amendment has no application to pretrial detainees); *Bass*, 167 F.3d at 1048-49 (Eighth Amendment comes into play post conviction); *Phebus*, 340 F. Supp. 2d at 879 (same); *Davenport v. Simmons,* 192 F. Supp. 2d 812, 821 (W.D. Tenn. 2001) (same). It is

undisputed Batchelor had not been convicted prior to the alleged incident in this case. Thus, he has no Eighth Amendment claim, and it is DISMISSED.[1]

D. Fourteenth Amendment Claims

Plaintiff also asserts violations of the Fourteenth Amendment's substantive due process clause.[2] "Substantive due process bars the government from acting in a way that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013), *cert. denied sub nom. Heiki v. Guevara*, 134 S. Ct. 341 (2013). The government does not possess any procedural protection if it violates this proscription. *See id.*; *Pittman v. Cuyahoga Cnty. Dep't Children & Family Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) ("Substantive due process serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used.").

"[C]ourts [are, however,] to carefully scrutinize so-called substantive due process claims brought under § 1983 because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Upsher v. Grosse Pointe Pub. Sch. Sys.*, 285 F.3d 448, 452 (6th Cir. 2002), *cert. denied*, 537 U.S. 880 (2002); *see Jenkins v. Hardeman Cnty., Tenn.*, No. 13-2054, 2013 WL 5593048, at *3 (W.D. Tenn. Oct. 10, 2013), *cert. denied sub nom. Jenskins v. Hardeman Cnty., Tenn.*, No. 13-2054, 2014 WL 3568340 (W.D. Tenn. July 18, 2014). "Where a

---

[1]Moreover, Plaintiff failed to respond in his brief to Defendants' arguments in opposition to his Eighth Amendment claim, which also results in abandonment. *See Morris v. City of Memphis*, No. 11-2928-STA-CGC, 2012 WL 3727149, at *2 (W.D. Tenn. Aug. 27, 2012) ("Because Plaintiff does not contest the dismissal of his Fifth Amendment, Eighth Amendment and Tennessee constitution claims, the Court finds that Plaintiff has abandoned those claims.").

[2]It is unclear from Plaintiff's complaint if he attempts to allege a Fourteenth Amendment equal protection violation. (D.E. 1-1 at ¶ 9.) Regardless, Batchelor has not sufficiently raised such a claim. As evidence, he merely stated that the arresting officer is Caucasian and he is African American. This would fall significantly short of the *Twombly/Iqbal* pleading standards. *Twombly*, 550 U.S. at 555.

particular [a]mendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that [a]mendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing such a claim." *Albright v. Oliver*, 510 U.S. 266, 266 (1994), *reh'g denied* (Mar. 21, 1994). If such an amendment exists, the substantive due process claim is properly dismissed. *Heike*, 519 F. App'x at 923.

The Sixth Circuit has consistently held that a plaintiff may "allege use of excessive force [during an arrest] even where the physical contact between the parties did not leave excessive marks or cause extensive physical damage." *Miller v. Sanilac Cnty.*, 606 F.3d 240, 253-53 (6th Cir. 2010) (quoting *Morrison v. Bd. Of Trs. Of Green Twp.*, 583 F.3d 394, 407 (6th Cir. 2009)); *see also Holmes v. City of Massillon*, 78 F.3d 1041, 1048 (6th Cir. 1996). A claim of excessive force during arrest falls under the purview of the Fourth Amendment. *See Miller*, 606 F.3d at 252. In determining whether there has been a violation of the Fourth Amendment, courts must not consider the "extent of the injury inflicted," but whether an officer subjects a detainee to "gratuitous violence." *Id.* "The question whether force is excessive turns on the objective reasonableness of the officer's conduct under the circumstances." *Id.*; *see Graham v. Connor*, 490 U.S. 386, 396 (1989).

Thus, when a plaintiff alleges use of excessive force during an arrest, the Fourth Amendment governs and is the constitutional basis of suit. *See Miller*, 606 F.3d at 252. Plaintiff, however, does not claim a Fourth Amendment violation. Batchelor relies on a Fifth Circuit opinion, *Shillingford v. Holmes*, 634 F.2d 263 (1981), for the proposition that the Fourteenth Amendment may be the basis for an allegation of excessive force used during an arrest. (D.E. 22 at 1-2.) In 1993, however, the Fifth Circuit abrogated that ruling, reasoning that although the Fourth Amendment does not extend to excessive force utilized *after* the initial

6

arrest, it does control "the *initial* act of restraining an individual's liberty, such as an investigatory stop or arrest." *Valencia v. Wiggins*, 981 F.2d 1440, 1443-44 (5th Cir. 1993). As the Fourth Amendment "provides an explicit textual source of constitutional protection against" the alleged excessive force used against Plaintiff during the arrest, the Fourteenth Amendment is not an appropriate basis for recovery. *See Heike*, 519 F. App'x at 923. Accordingly, Plaintiff's Fourteenth Amendment claim is DISMISSED.

### E. Malicious Prosecution

In his response to Defendants' motion to dismiss, Batchelor for the first time raises a malicious prosecution claim. (D.E. 22 at 2-3.) He has not sought leave from the Court to amend his complaint to include this contention. *See Hunter v. City of Copperhill, Tenn.*, No. 1:09-cv-238, 2011 WL 5980292, at *7 (E.D. Tenn. Nov. 29, 2011) (dismissing a new claim the plaintiff brought for the first time in his response to the defendant's motion to dismiss, or in the alternative, for summary judgment). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Terry*, 604 F.3d at 275-76. Despite including an allegation of malicious prosecution in his response, Plaintiff provides no basis for such a claim in his complaint. As such, Batchelor's malicious prosecution claim is DISMISSED.

### F. Section 1983 Claims

Plaintiff also alleges that the City of Brownsville failed to properly train Byrd in the use of force and that his actions were the result of the City's official policies. (D.E. 1-1 at ¶¶ 3-4.) The Supreme Court has ruled that "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contract." *City of Canton, Ohio v. Harris*, 489 U.S.

7

378, 388 (1989). "Proving deliberate indifference for failure to train typically requires proof that the municipality was aware of prior unconstitutional actions by its employees and failed to take corrective measures." *Amerson v. Waterford Twp.*, 562 F. App'x 484, 490 (6th Cir. 2014). In *Amerson*, the plaintiff argued that the township defendant "failed to adequately train its police officers as to the proper use of force to apply during an arrest." *Id.* In support of his argument, the plaintiff asserted the township's "non-lethal force policy [had] not been renewed since completion of field training; it [had] not offered training on when to intervene; and excessive-force training [was] not part of new field training." *Id.* at 491. The Sixth Circuit rejected the plaintiff's argument, finding that none of his allegations demonstrated the township "was deliberately indifferent to whether its officers applied the proper amount of force in effectuating arrests." *Id.* In its reasoning, the court highlighted that the plaintiff failed to "present any evidence of prior misconduct in the form of excessive force," and that "it is not enough for [the plaintiff] to show that his injury could have been avoided if the officer had more or better training." *Id.*

In the instant matter, Plaintiff concedes in his response to the motion to dismiss that "he is weak on the training or lack of training aspects of his complaint." (D.E. 22 at 3.) He further states that "Byrd may or may not have been trained, but it appears more likely that he simply let his temper get out of control and slid into a simple tort." (*Id.*) It appears to the Court that Batchelor is abandoning his failure-to-train claim by not defending it with facts or case law. Even assuming *arguendo* that Plaintiff did not concede this allegation, the complaint contains nothing more than labels and conclusions, lacking the needed "well-pleaded facts" to give rise to a "plausible claim for relief." *See Iqbal*, 556 U.S. at 679. In his complaint, Batchelor claims that "what Byrd did in effecting the arrest was the result of inadequate or failing to train Dallas Byrd

in the use of force." (D.E. 1-1 at ¶ 4.) This type of statement is "merely [a] legal conclusion," which this Court must disregard in ruling on a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Plaintiff has provided no specific facts that the City of Brownsville was "aware of prior unconstitutional actions by its employees and failed to take corrective measures" and has not presented any evidence of prior acts of excessive force by Byrd or any other officers. *See Amerson*, 562 F. App'x at 491. Therefore, Batchelor has failed to allege a proper failure-to-train claim against the City of Brownsville.

Plaintiff also alleges that the alleged unconstitutional behavior of Byrd was a result of the City's policies. The Supreme Court in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), "established that municipalities are subject to liability under 42 U.S.C. § 1983 for deprivation of federally protected rights carried out in accordance with official policy or custom." *Langston v. Charter Twp. of Redford*, No. 14-1664, 2015 WL 4645851, at *10 (6th Cir. Aug. 6, 2015). To establish municipal liability, a plaintiff must: "(1) identify a municipal policy of custom; (2) connect that policy or custom to the municipality; and (3) show that the execution of the policy or custom caused a constitutional injury." *Id.*; *see Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993).

In the instant matter, Defendants contend in their motion to dismiss that Plaintiff failed to adequately plead "that Brownsville's policies or customs caused the alleged violation." (D.E. 18-1 at 5.) In his response, Batchelor does not refute Defendants' assertion or provide any argument as to why this claim should not be dismissed. As such, the Court finds that Plaintiff has abandoned his claim that Brownsville's policies caused the alleged constitutional violation. *See Morris*, 2012 WL 3727149, at *2.

For these reasons, Plaintiff's § 1983 claims are DISMISSED.

### G. GTLA and State Law Claims

Batchelor alleges both negligence and negligent infliction of emotional distress against Defendants. State law claims against governmental entities and their employees are governed by the Tennessee Governmental Tort Liability Act ("GTLA"). *See* Tenn. Code Ann. § 29-20-101. These contentions would ordinarily confer supplemental jurisdiction in this Court because they arise out of the same facts and form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). However, GTLA claims must be brought in "strict compliance" with the terms of the state statute. *See* Tenn. Code Ann. § 29-20-201(c). The GTLA expressly states that Tennessee "circuit courts shall have exclusive original jurisdiction" over claims brought pursuant to its provisions. Tenn. Code Ann. § 29-20-307.

A district court may, in its discretion, decline supplemental jurisdiction over a state law claim even if jurisdiction would otherwise be proper under § 1367(a). Section 1367(c)(4) allows a district court to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). The Sixth Circuit has held that "the Tennessee legislature expressed a clear preference that [GTLA] claims be handled by its own state courts. This unequivocal preference of the Tennessee legislature is an exceptional circumstance [under § 1367(c)(4)] for declining jurisdiction." *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). Consequently, district courts in Tennessee have regularly declined to exercise its supplemental jurisdiction over GTLA claims, and this Court finds no compelling reason to act differently with regards to the instant case. *See, e.g.*, *Hullett v. DeKalb Cnty., Tenn.*, No. 2:11-0016, 2012 WL 398288, at *3 (M.D. Tenn. Feb. 7, 2012); *Cunningham v. Reid*, 337 F. Supp. 2d 1064, 1069-70 (W.D. Tenn. 2004).

As Plaintiff's GTLA claims should be tried in state court, all of his state law claims should be consolidated into one proceeding for the sake of judicial economy and convenience. *See Alexander v. Byrd*, No. 14-1022, 2014 WL 5449626, at *10 (W.D. Tenn. Oct. 24, 2014). Therefore, this Court declines to exercise supplemental jurisdiction over Plaintiff's GTLA and state law claims. *See Ables v. Shelby Cnty., Tenn.*, No. 2:10-CV-02169-JPM-dkv, 2010 WL 3024959, at *5 (W.D. Tenn. July 29, 2010) (state law claims dismissed in light of Sixth Circuit's finding that Tennessee legislature's preference that GTLA claims be addressed in state courts was an exceptional circumstance under § 1327(c)(4) supporting order declining jurisdiction).

Thus, the Court will not exercise its supplemental jurisdiction over Plaintiff's state law claims, and they are REMANDED back to state court.

IV. Conclusion

For the reasons discussed herein, Defendants' motion to dismiss the federal allegations is GRANTED, and Plaintiff's state law claims are REMANDED to the Circuit Court of Fayette County, Tennessee. The Clerk is DIRECTED to prepare a Judgment incorporating this decision.

IT IS SO ORDERED this 25th day of November 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE